IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES R. BOGARD,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No.  09 C 3530
                                    )
VILLAGE OF OAK PARK, et al.,        )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

Village of Oak Park and three of its upper echelon Fire Department personnel (collectively "Oak Park Defendants") have filed a motion to dismiss this action brought by James Bogard ("Bogard") against them and Bernard O'Reilly ("O'Reilly"), with Complaint Count I labeled a "wrongful taking" claim advanced under the asserted auspices of 42 U.S.C. §1983[1] and with three other counts appended--one brought under Section 1985 (Count II)[2] and the other two (Counts III and IV) sounding in state law. Bogard's memorandum in response to the motion has rendered the matter ripe for decision.

As a preliminary matter, any attempted conspiracy-based

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] Bogard's Complaint is puzzling in that respect. Complaint ¶1 specifically includes Section 1985 in its statement of jurisdictional sources, but the Count II caption reads "Conspiracy Claim in Violation of 42 U.S.C. §1983." Because Section 1985 is expressly framed in terms of conspiracy while Section 1983 is not, this Court will accept Complaint ¶1 at face value. As it turns out, however, it makes no difference which of the two Title 42 sections is actually being invoked in Count II.

invocation of Section 1985 can play no arguable role here--for nearly four decades it has been firmly established that the Section's coverage is limited to claims of racial or otherwise class-based invidiously discriminatory animus--Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), the seminal decision in that respect, has been adhered to in almost countless decisions everywhere (see, e.g., Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000)). Nothing of that sort has been alleged here, so that the only potential source of original subject matter jurisdiction must stem from a claimed Section 1983 violation.[3] And if Bogard fails on that score, the two state law claims will lack any federal anchor and must be dismissed as well--although, in that instance, without prejudice to their possible assertion in a state court of competent jurisdiction.

That places the sole focus on Count I, as to which Bogard charges that the Oak Park Defendants (acting through the three Fire Department principals) "intentionally and maliciously deprived Plaintiff of his property, business and reasonable prospective economic interests without due process of law and after realizing that there was a mistaken, without just compensation."[4] But that claim runs head on into the firmly

---

[3] Because O'Reilly has been targeted only in Count II, what has been said here scotches Bogard's claim against him.

[4] Relatedly, Complaint ¶25 (part of Count II) alleges that Oak Park Defendants' complained-of conduct adduced by Bogard was

2

established principle that the type of regulatory taking asserted by Bogard (see <u>Palazzolo v. Rhode Island</u>, 533 U.S. 606, 617 (2001)) requires, as precondition to a plaintiff's venturing into the federal court, the exhaustion of state remedies that could provide the property owner with the "just compensation" guaranteed by the Fifth Amendment. As <u>Peters v. Village of Clifton</u>, 498 F.3d 727, 731-32 (7th Cir. 2007) has recently reconfirmed the controlling holding in that respect in <u>Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson County</u>, 473 U.S. 172 (1985):

> "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." <u>Williamson County</u>, 473 U.S. at 194, 105 S.Ct. 3108.
>
> \*       \*       \*
>
> Because "[n]o constitutional violation occurs until just compensation has been denied," <u>Williamson County</u>, 473 U.S. at 195 n. 13, 105 S.Ct. 3108, the Supreme Court has crafted a special ripeness doctrine that applies to claims arising under the Takings Clause.

Because Bogard has not sought to pursue any state court remedies, his Count I (and perhaps Count II) Section 1983 claim fails for lack of ripeness.

As stated earlier, that means that all four Counts--and

---

intended "to obtain for public use without paying just compensation to its lawful owner, the Plaintiff, the real property commonly known as 808 Forest Avenue, Oak Park, Illinois." And the next paragraph, Complaint ¶26, similarly goes on to speak of Bogard's right "to be free from deprivation of property without just compensation."

3

hence the Complaint and this action itself--must be and are dismissed. Once again, the dismissal of Counts III and IV is without prejudice to the potential pursuit of those contentions in a state court of competent jurisdiction.

						_____
						Milton I. Shadur
						Senior United States District Judge

Date:   July 31, 2009